UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GARRETT HUBBARD, )
individually and on behalf of all )
others similarly situated, )
    Plaintiff, )
)
v. )  Case No.: 3:24-cv-00335-MCR-ZB
)
)
DESTIN FIRE CONTROL )
DISTRICT, )
    Defendant )
)

_____
**SECOND AMENDED COMPLAINT – CLASS REPRESENTATION**

    Plaintiff, GARRETT HUBBARD, individually and on behalf of all others similarly situated, sues the Defendant, THE DESTIN FIRE CONTROL DISTRICT, a Florida PUBLIC MUNICIPAL CORPORATION ("Defendant"), and alleges as follows:

**JURISDICTION AND VENUE**

    1.    This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides that a suit under 29 U.S.C. § 207 of the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

    2.    At all times material, Plaintiff is an individual resident of the State of Florida and was employed by at least one (1) of the Defendants during the five (5) years preceding this Complaint.

AMENDED COMPLAINT
*Hubbard v. Destin Fire District*

Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **1** of 10

      3.      The Defendant, DESTIN FIRE CONTROL DISTRICT, is a special district that was created by the Florida Legislature and then recreated by H.B. 1487, Chapter 2000-417, and was at all times material hereto conducting its fire safety and related activities within the jurisdiction of Okaloosa County, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce and subject to the provision of the FLSA.  According to the Act, "all of the following lands in Okaloosa County shall be incorporated as an independent special fire control district, which shall be a public municipal corporation for the public benefit, with perpetual existence, to be known as the Destin Fire Control District, in which case it may sue and be sued, lease, own, possess, and convey real and personal property, by purchase, gift, or otherwise, in order to carry out the purposes of this act.:  All lands bounded on the West by East Pass, on the North by Choctawhatchee Bay, on the East by Walton County, on the South by the Gulf of Mexico." *Id.*  The Defendant is managed by a governing board, operates Emergency Medical Services, including advanced life support services, to assess and impose upon real property in the district ad valorem taxes and non-ad valorem assessments as authorized by the act, to impose and foreclose non-ad valorem assessment liens as provided by this act or to impose, collect, and enforce non-ad valorem assessments pursuant to chapter 197, Florida Statutes.  For all intents and purposes, the Defendant is a governmental entity or agency and is bound to follow the Fair Labor Standards Act.

      4.      This action is brought by Plaintiff to recover from Defendant unpaid overtime wages, unpaid wages and other relief, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq* and s. 448.08, Florida Statutes.

AMENDED COMPLAINT
*Hubbard v. Destin Fire District*

Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **2** of **10**

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1331 and by Title 29 U.S.C. § 216(b). The Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce and was otherwise covered by the provisions of the FLSA. Defendant and Plaintiff were bound by a Collective Bargaining Agreement which provided for the payment of certain wages and overtime pay. At all times pertinent to this Complaint, the Defendant operates as a municipal corporation and public agency providing (among other things) emergency medical services, rescue response services, fire control services and fire prevention services.

6. Upon information and belief, the Defendant's annual gross funding as a local governmental agency was at all times material hereto in excess of $500,000.00 per annum. In addition, Defendant purchases supplies and equipment (such as boats and vehicles) which have travelled in interstate commerce.

7. Defendant is and was, during all times hereafter mentioned, a "public agency" as defined in §3(s)(1)(C) of the FLSA, 29 U.S.C. §203(s) and is subject to the FLSA.

8. The Defendant is an "employer," as defined by 29 U.S.C. § 203(d), as Defendant is directly involved in decisions affecting employee compensation and hours worked by the Plaintiffs. Plaintiffs are, or were, "employees" of Defendant within the meaning of the FLSA.

### *CLASS REPRESENTATION ALLEGATIONS CONCERING FIREFIGHTERS*

9. Plaintiff brings this action on behalf of himself and as a representative of a class pursuant to the provisions of Rule 1.220, Florida Rules of Civil Procedure. Plaintiff seeks class certification under subsections (b)(2) and, alternatively, (b)(3) of Rule 1.220.

10. There are questions of law and fact common to all members of the class. The Plaintiff's claims and the putative class members' claims arise from the same event or practice or

AMENDED COMPLAINT
*Hubbard v. Destin Fire District*

Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **3** of **10**

course of conduct by the Defendants that give rise to the claims of the putative class, and the Plaintiff's claims are based upon the same legal theories as those of the putative class. The Defendants have engaged in a pattern and practice, in violation 29 U.S.C. § 216(b) to employees who worked as firefighter, EMTs, or other personnel for Defendant, THE DESTIN FIRE CONTROL DISTRICT.

11. Plaintiff's claims are typical of the claims of the putative class inasmuch as they arise from the same course of conduct as the claims of the putative class and the class consists of all firefighters, EMTs, and other similar titled positions who worked for the Defendant and who were not paid for all hours that they worked for the Defendant from 07/10/2020 to present. Specifically, it is and/or was the Defendant's policy that the employees had to attend certain classes to maintain certification and training skills, which benefits the Defendant. If the training classes took place on the day that the employee was scheduled to work, then the employee would be paid for same. However, if the class took place on a date that the employee was not previously scheduled to work, then the employee was not paid for the time attending classes. This is a longstanding policy of the Defendant and applies equally to all firefighters, EMTs, and other similar titled positions working for the Defendant.

12. The proposed class Plaintiff seeks to represent includes all persons who were firefighters, EMTs or other similarly titled positions who were employed by the Defendant within the past three (3) years and who were not paid overtime for all time spent attending mandatory training/certification classes that took place on the employees off day in addition to working forty hours in a workweek..

AMENDED COMPLAINT
*Hubbard v. Destin Fire District*

Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **4** of **10**

13. The persons employed by the Defendants who were not paid all of their wages or paid overtime compensation constitute a class so numerous that joinder of all members independently is impractical. It is estimated that the number of class members is more than 50 persons.

14. Plaintiff will fairly and adequately protect and represent the interests of each member of the class in that he has no conflicts with the class and has retained counsel experienced in the prosecution of class actions and/or collective action claims under the Fair Labor Standards Act.

15. The Defendant has acted on grounds generally applicable to all the members of the class, to wit: failing to pay firefighters, EMTs, and other similar titled positions for all time worked for training/educational classes that took place on the employee's scheduled day off when the employee worked forty (40) hours a week in addition to attending the mandatory training.

16. Alternatively, Defendant's actions raise questions of law and fact common to the Plaintiff and class members. These questions, specifically whether the Defendant has engaged in the practice enumerated in the paragraphs above and whether such practices violate 29 U.S.C. § 216(b), predominate over any questions affecting only individual members of the class. Class representation is superior to other available methods for the efficient adjudication of this controversy in that (a) there are no other suits pending with the same allegations which would indicate a desire by class members to control the litigation, (b) the instant forum is a desirable forum for concentrating this litigation because the Defendant and the Plaintiff and class members reside in Okaloosa County or this judicial circuit, and (c) there will be no problem managing the case given that the Defendant's practices and the relief sought are subject to generalized proof by virtue of their being uniform. Accordingly, this action is maintainable under subsection (b)(3) of Rule 1.220.

AMENDED COMPLAINT
*Hubbard v. Destin Fire District*

Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **5** of **10**

## COUNT I – UNPAID OVERTIME WAGES AGAINST DEFENDANT

17. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in Paragraphs 1 through 16 above.

18. During the material time period, Plaintiff, and the other similarly situated employees, were employed as a firefighter, Emergency Medical Technicians, or other similarly titled position and performed fire and/or emergency medical services on behalf of the Defendant.

19. Plaintiff was employed by Defendant from about, September 7, 2022 to present and the pay improper pay practices have been ongoing the entire time he worked for the Defendant.

20. During the material time period Plaintiff, and the other similarly situated employees, were paid on an hourly basis as set forth in the collective bargaining agreement ("CBA") and also paid fixed compensation per pay period for having certain credentials such as being a "fire medic." Plaintiff was required to take classes and certification trainings in order to keep his credentials/position.

21. Plaintiff, and the other similarly situated employees, were licensed to work as a firefighter by the State of Florida at the time he was hired by Defendant. This license allowed Plaintiff to fight fires, use the "jaws of life" to extract people from damaged vehicles, use ropes to perform their jobs, and work in confined spaces, among other tasks. Plaintiff was periodically required and directed to participate in training programs to enhance his skills to perform their jobs with Defendant. This training, however, was not mandated by the State of Florida to perform their jobs. This training was mandated by the CBA. These training programs often took place during normal business hours and the cost of the training was paid for by Defendant. Plaintiff and the other opt ins would be paid for their time attending these training programs if same fell on days he was

AMENDED COMPLAINT
*Hubbard v. Destin Fire District*

Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **6** of **10**

scheduled to work. If the training program fell on a day he was not scheduled to work, they would receive no additional pay for attending the program and they were not paid.

22. During the material time period, Plaintiff, and the other similarly situated employees regularly worked more than forty (40) hours a week and were not paid overtime for each and every hour that they worked. Specifically, although the Plaintiff and the other employees were paid overtime for time that they were scheduled to work, they were not paid overtime for the time spent in training classes on days that they were scheduled to be off when they otherwise work forty (40) hours or more in that same workweek..

23. The Defendants failed to pay overtime wages to the Plaintiff and other similarly situated employees who attended mandatory training in addition to working forty hours in a workweek.

24. Failure to participate in these training programs could result in Plaintiff's termination from employment with Defendant.

25. These training programs were selected and scheduled by Defendant.

26. These training programs were not run by independent bona fide institutions of learning; but rather contractors who were hired by Defendant to provide the training.

27. These trainers would typically travel to the Destin, Florida area to specifically provide training at the request of Defendant.

28. Plaintiff, and the other similarly situated employees, were not paid for the time they attended mandatory training sessions when these sessions took place on days they were not otherwise scheduled to work. As a result, this time spent in training sessions was not included in the overtime pay calculation and Defendant underpaid the overtime pay due in these pay periods. Such failure to include time spent in these training sessions in the overtime pay calculation is a violation of the Fair

AMENDED COMPLAINT
*Hubbard v. Destin Fire District*

Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **7** of **10**

Labor Standards Act. If the training took place on a day the Plaintiff was scheduled to work, he would receive pay while attending training.

29. Defendant failed to keep accurate time records of all the hours worked by Plaintiff in violation of 29 CFR §516 because the time spent in mandatory training sessions on days Plaintiff was not scheduled to work was not accurately recorded. Defendant knew what courses that the Plaintiff and other employees were taking as these courses were coordinated with the Defendant and/or the Defendant otherwise knew where and when the Plaintiff or employee was going to be in class.

30. The Plaintiff does not know the exact amount of unpaid wages that are owed as he does not have his time records and education records, which are within the possession of the Defendant. However, he is seeking the unpaid overtime for the hours spent attending the mandatory training on his days off when he otherwise worked forty (40) hours in a work week.

31. Defendant intentionally and willfully failed to pay Plaintiff, and other similar employees, overtime wages and Defendant had knowledge of Plaintiff's training schedules and showed reckless disregard by failing to comply with the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act. Defendant was aware of its obligation to pay overtime as a result of prior litigation from other firefighters for unpaid overtime, which settled. For example, Defendant was sued on July 20, 2020 by other firefighters claiming unpaid overtime under virtually identical circumstances, but the Defendant did not change their pay policy. *See Jensen v The Destin Fire Control District*, Case No. 3:20-cv-05661-RV-HTC. Defendant did not act in good faith when they refused and failed to pay appropriate overtime to the Plaintiff and other similar employees for the time spent in training on their days off.

AMENDED COMPLAINT
*Hubbard v. Destin Fire District*

Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **8** of **10**

32. Defendant remains owing Plaintiff, and other similar employees these overtime wages since the commencement of Plaintiffs' employment with Defendant as set forth above, and Plaintiffs are entitled to recover liquidated damages.

33. Plaintiff has retained Jeremiah J. Talbott, Esq., to represent him and has incurred attorneys' fees and costs in bringing this action.

**WHEREFORE**, Plaintiff, and the other similarly situated employees, hereby request the following:

a. Ender an Order certifying this matter as a collection action under the FLSA;

b. Send a Court approved notice to all members of the class;

c. Declare that the Defendant's actions violate the FLSA;

d. Award the Plaintiff's unpaid overtime plus an equal amount of liquidated damages;

e. Award the Plaintiff's attorney fees and cost for bringing this action;

f. Award any other relief as the Court deems proper.

.**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS**

Dated this 31st day of October, 2024.

                                      Respectfully submitted,

                                      /s/ Jeremiah J. Talbott
                                      JEREMIAH J. TALBOTT, ESQ.
                                      FL Bar No. 015484
                                      Law Office of J.J. Talbott
                                      900 E. Moreno Street
                                      Pensacola, Fla. 32503
                                      (850) 437-9600 / (850) 437-0906 (fax)
                                      JJ@Talbottlawfirm.com;
                                      Civilfilings@talbottlawfirm.com
                                      *Attorney for Plaintiff*

AMENDED COMPLAINT
*Hubbard v. Destin Fire District*

Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **9** of **10**

## *CERTIFICATE OF SERVICE*

I HEREBY CERTIFY that on this 31st day of October, 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

Respectfully Submitted,

/s/ Jeremiah J. Talbott
JEREMIAH J. TALBOTT, ESQ

AMENDED COMPLAINT
*Hubbard v. Destin Fire District*

Law Office of J.J. Talbott.
900 East Moreno Street
TEL 850-437-9600   FAX 850-437-0906
*www.JJCanHelp.com*
Page **10** of **10**