# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**GARRETT HUBBARD,**
**individually and on behalf of all**
**others similarly situated,**

    **Plaintiff,**

v.                      **Case No.: 3:24-cv-00335-MCR-ZCB**

**DESTIN FIRE CONTROL DISTRICT,**

    **Defendant.**

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Destin Fire Control District (hereinafter "Destin Fire"), by and through the undersigned counsel and pursuant to the Federal Rules of Civil Procedure 8 and 12 as well as the Local Rules of this Court, hereby files its Answer and Affirmative Defenses to the Second Amended Complaint ("Second Amended Complaint") filed by Plaintiff, Garrett Hubbard, and asserts its affirmative and other defenses, as follows:

## JURISDICTION AND VENUE

1.        Defendant denies that it violated Plaintiff's rights under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"),

29 U.S.C. § 216(b), or 29 U.S.C. § 207.

2.     Defendant denies as phrased that Plaintiff was employed by at least one of the Defendants during the five years preceding this Second Amended Complaint. Otherwise, Defendant lacks sufficient knowledge and information to respond to the remaining allegations set forth in Paragraph 2 of the Second Amended Complaint, and leaves Plaintiff to its proof.

3.     Defendant admits that it is a special district, created by H.B. 1487, Chapter 2000-417. Denied that Defendant was and is engaged in interstate commerce. Further, the legal regulations and references contained in this paragraph as to the FLSA, H.B. 1487, Chapter 2000-417 and chapter 197, Florida Statutes speak for themselves and are the better description of applicable law. To the extent a response is required, denied that this paragraph includes complete descriptions of the law, including all pertinent and relevant provisions. Otherwise, denied as phrased.

4.     Defendant admits venue is proper in this Court based on the claims alleged. Defendant denies the remaining allegations in Paragraph 4 of the Second Amended Complaint, denies any

violation of § the FLSA, and denies Plaintiff is entitled to any relief whatsoever.

5.    Defendant admits jurisdiction is proper in this Court based on the claims alleged, that Plaintiff and Defendant were bound by a Collective Bargaining Agreement, the Defendant operates as a municipal corporation and public agency providing emergency medical services, rescue response services, fire control services and fire prevention services. Defendant denies that it was and is engaged in interstate commerce. Further, the legal regulations and references contained in this paragraph as to the Collective Bargaining Agreement and the FLSA speak for themselves and are the better description of applicable law and language under the agreement. To the extent a response is required, denied that this paragraph includes complete descriptions of the law or the agreement, including all pertinent and relevant provisions. Otherwise, denied as phrased.

6.    Denied.

7.    Admitted that Defendant is subject to the FLSA. Otherwise, the legal regulations and references contained in this paragraph as to

the FLSA speak for themselves and are the better description of applicable law. To the extent a response is required, denied that this paragraph includes complete descriptions of the law, including all pertinent and relevant provisions. Otherwise, denied as phrased.

8. The legal regulations and references contained in this paragraph as to the term "employer" speak for themselves and are the better description of applicable law. To the extent a response is required, denied that this paragraph includes complete descriptions of the law, including all pertinent and relevant provisions. Otherwise, admitted.

**CLASS REPRESENTATION ALLEGATIONS CONCERNING FIREFIGHTERS**

9. Denied.

10. Denied.

11. Denied that Plaintiff's claims are typical of the claims of the putative class inasmuch as they arise from the same course of conduct as the claims of the putative class and the class consists of all firefighters, EMTs, and other similar titled positions who worked for the Defendant and who were not paid for all hours

that they worked for the Defendant from 07/10/2020 to present. Otherwise, denied as phrased.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

## COUNT I – UNPAID OVERTIME WAGES AGAINST DEFENDANT

17. Defendant re-alleges and incorporates herein by reference the responses to the allegations in paragraphs 1 through 16 above.

18. Denied.

19. Admitted that Plaintiff was employed by Defendant from September 7, 2022 to the present. Otherwise, denied.

20. Denied as phrased that Plaintiff was required to take classes and certification trainings in order to keep his credentials/position. Otherwise, denied.

21. Admitted that Plaintiff's license allowed Plaintiff to fight fires, use the "jaws of life" to extract people from damaged vehicles,

use ropes to perform his job, and work in confined spaces, that Plaintiff was periodically required and directed to participate in training programs to enhance his skills to perform his jobs with Defendant.  Otherwise, denied.

22. Denied.

23. Denied.

24. Denied as phrased.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 30 of the Second Amended Complaint, and leaves Plaintiff to its proof.

31. Denied.

32. Denied.

33. Defendant denies that Plaintiff is entitled to anything, including a reasonable fee. Defendant is without sufficient knowledge as

to Plaintiff's fee arrangement with his attorneys. Otherwise denied.

34.     DEFENDANT DENIES EACH AND EVERY ALLEGATION OF THE SECOND AMENDED COMPLAINT NOT SPECIFICALLY ADMITTED, DENIED OR CONTROVERTED HEREIN.

35.     Defendant denies Plaintiff is entitled to any of the relief set forth in the "wherefore"/ad damnum/Prayer For Relief clause set forth in the Second Amended Complaint.

36.     Defendant denies that Plaintiff is entitled to the injunctive, declaratory, monetary, or any other relief requested in Paragraphs a-f of his Prayer for Relief. Defendant further denies Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

In addition to the defenses and denials set forth above, Defendant asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Defendant and are Plaintiff's burden to prove. Defendant further avers that Plaintiff's claims are so vague as to render it impossible to identify every possible affirmative or other defense, and thus expressly reserves its right to assert any and all counterclaims, cross claims, and/or

additional defenses, including affirmative defenses, that may become apparent at any time during the course of this litigation.

1.      Defendant contends that Plaintiff has failed to state a cause of action upon which relief may be granted.

2.      Defendant asserts that if Plaintiff proves that Defendant acted in violation of the FLSA, either by action or omission, such action or omission was not willful or reckless, but rather was in good faith, and based on a reasonable belief that such action or omission was not in violation of the FLSA. Defendant accordingly requests this Court, in the exercise of its discretion, not to make an award of liquidated damages to Plaintiff should any omission have occurred. Defendant has made good faith efforts to comply with all wage and hour laws and had a good faith belief that they were complying at all times with such laws. Defendant has no reason to believe they violated the law and will show they relied upon reasonable grounds to believe they had not in fact violated any law with respect to compensation and wages pages to Plaintiff.

3. Plaintiff's claims are barred to the extent that he worked overtime without Defendant's actual or constructive knowledge, i.e., Defendant did not suffer or permit that work.

4. Plaintiff's claims for damages and other relief are limited by the provisions of the Fair Labor Standards Act and any other applicable law.

5. The amount of time for which Plaintiff alleges Defendant did not compensate him and other similarly situated employees are negligible and Defendant is entitled to invoke the *de minimis* defense.

6. Defendant states that Plaintiff is barred, in whole or in part, to the extent he seeks compensation in this action for anything other than compensable working time.

7. Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations because he failed to file his "Complaint" or "Second Amended Complaint" within two years of Defendant's alleged failure to pay overtime wages and/or minimum wages (or three years, if any violation is found to be "willful") pursuant to 29 U.S.C. § 255.

8.      If it be proven that Defendant did not comply with the FLSA, which Defendant denies, Defendant did not know that its conduct violated the FLSA and did not show reckless disregard for whether its conduct was volatile, and thus its actions were not "willful" so as to invoke the three year statute of limitations.

9.      Plaintiff is not entitled to overtime or any additional compensation because the state requires the certifications/licenses before the employee may provide those certain discrete services as well as being a condition of employment.

10.     Plaintiff is not entitled to overtime or any additional compensation because the "work" he seeks to be compensated for is in obtaining a certificate/license that is a "precondition" of employment and Plaintiff knowingly and voluntarily accepted employment with the precondition attached.

11.     Plaintiff is not entitled to overtime or any additional compensation because pursuant to Wage and Hour Division of the United States Department of Labor opinion letters, time spent

in outside study or training is not compensable if the studying is not required by the employer.

12.       Plaintiff is not entitled to overtime or any additional compensation because the "work" he seeks to be compensated for is exempt under 29 C.F.R. § 785.27. Specifically, time spent studying or training need not be counted as working time if: (1) attendance is outside the employee's regular working hours; (2) the employee does not perform productive work during the program; (3) attendance is voluntary; and (4) the program is not directly related to the employee's job.

13.       Plaintiff is not entitled to overtime or any additional compensation because the "work" he seeks to be compensated for is exempt under 29 C.F.R. § 785.31. Specifically, time spent studying or training, even if directly related to an employee's job, may not be considered hours worked where the course of instruction "corresponds to courses offered by independent bona fide institutions of learning" and attendance is voluntary.

14.       Plaintiff is not entitled to compensation for "preliminary or postliminary activities" in accordance with 29 U.S.C. § 255.

15.     If Plaintiff is able to show a violation of the FLSA, which is denied, then Defendant is entitled to seek a set-off for: (1) paid but unearned wages; (2) for all moneys loaned to Plaintiff but not yet paid back; and (3) for all settlements and compensation that Plaintiff has received, or may receive, as a result of the allegations in the Second Amended Complaint.

16.     Plaintiff's claims are barred by the doctrines of estoppel and special estoppel by silence, to the extent that Plaintiff failed to actively report hours allegedly worked and/or Defendant was unaware that Plaintiff worked the hours claimed and/or to the extent he intentionally submitted incorrect information to Defendant as to the hours he now claims to have worked.

17.     All actions taken by Defendant, with regard to his employment was based on legitimate business considerations unrelated to any condition or request for overtime pay Plaintiff alleges to have been experiencing at any time during his employment.

18.     Plaintiff has failed to mitigate his damages.

Defendants reserve the right to assert such other affirmative defenses as may be revealed through discovery and disclosure in this matter.

Defendant also demands a jury trial for all triable issues.

WHEREFORE, Defendant, Destin Fire Control District, requests entry of Judgment against Plaintiff, that Defendant be awarded its fees to the extent permitted by law, that all costs of this action be taxed against Plaintiff and that this Court provide such other or additional relief to Defendant as is just and fair in the circumstances.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February, 2025, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

COLE, SCOTT & KISSANE, P.A.
*Counsel for Defendant, Destin Fire Control District*
890 South Palafox Street, Suite 200
Pensacola, Florida 32502
Telephone (850) 483-5930
Facsimile (850) 438-6969
e-mail: michael.kelly@csklegal.com
e-mail: kayla.ryan@csklegal.com
e-mail: zaray.avino@csklegal.com

By:  s/ *Michael B. Kelly*
MICHAEL B. KELLY

_____
Florida Bar No.:  115345
KAYLA N. RYAN
Florida Bar No.:  1047675